# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1539V
Filed: March 28, 2019
UNPUBLISHED

| | |
|---|---|
| MELANI DEPETRO,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>       Respondent. | Special Processing Unit (SPU);<br>Motion for Fact Ruling; Findings of<br>Fact; Onset; Influenza (Flu) Vaccine;<br>Shoulder Injury |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC,* for respondent.

## FACT RULING[1]

**Dorsey**, Chief Special Master:

  On October 16, 2017, Melani Depetro ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 19, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. For the reasons discussed

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

below, the undersigned finds petitioner suffered the onset of her left shoulder injury within 48 hours after receipt of her October 19, 2016 flu vaccine.

## I.     Motion for Fact Ruling

On October 4, 2018, respondent filed a Rule 4(c) report contesting petitioner's entitlement to vaccine injury compensation. (ECF No. 29). In his report, Respondent outlined the Vaccine Injury Table criteria for a SIRVA claim:

> A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:
>
> (i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
>
> (ii) Pain occurs within the specified time frame (within 48 hours of vaccine administration);
>
> (iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
>
> (iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

(*Id.* at 7 (citing 42 C.F.R. § 100.3(c)).

Respondent "does not contest requirements (i) and (iii-iv)[.]" (*Id.* at 7). Respondent argues, however, that petitioner has not met requirement (ii) because she has not established by preponderant evidence that the onset of her alleged injury occurred within 48 hours of her October 19, 2016 flu vaccination. (*Id.* at 7-9). Respondent's report also requested that petition provide additional records. (*Id.* at 2 n.2, 3 n.3, & 7 n.5).

Petitioner was provided time to obtain the requested records and a deadline was set for petitioner to file a motion for fact ruling as to onset. (ECF No. 30). Petitioner filed additional evidence including her insurance benefit statements (Ex. 19) and employment records (Ex. 20). (ECF No. 37).

On February 21, 2019, petitioner filed a Motion for a Fact Ruling as to Onset (petitioner's "Motion"). (ECF No. 39). Petitioner argues in her Motion that based on the medical records, and other evidence, the onset of petitioner's shoulder injury was within 48 hours of her October 19, 2016 flu vaccination. (*Id.*).

Respondent filed no response to petitioner's Motion. Upon review of the evidence as a whole, the undersigned deems a hearing is not necessary. The motion is therefore ripe for ruling.

2

## II. Finding of Fact Regarding Onset

Pursuant to the Vaccine Act, the special master may find the time period for the first symptom or manifestation of onset required for a Table injury is satisfied "even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such a period." § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset . . . occurred within the time period described in the Vaccine Injury Table." (*Id.*; *accord Tenneson v. HHS*, No. 16-1664V, 2018 WL 3083140, at *5 (Fed. Cl. Spec. Mstr. Mar. 30, 2018) (finding, despite prior records indicating non-tender extremities, that "respondent unreasonably dismisses petitioner's contemporaneous treatment records since the records were not created contemporaneously with the onset of petitioner's shoulder pain."), *mot. for rev. denied*, --- Fed. Cl. ---, 2019 WL 1235644 (Feb. 28, 2019)).

The undersigned makes the following finding after a complete review of the record to include: all medical records and other evidence filed by petitioner, petitioner's affidavits, respondent's Rule 4(c) Report, and petitioner's Motion.

Based upon the record as a whole, and specifically the evidence cited below, the undersigned finds petitioner suffered the onset of her left shoulder injury within 48 hours after the receipt of her October 19, 2016 flu vaccine.

- Prior to petitioner's October 19, 2016 flu vaccination there is no history in the record of pain, inflammation, or dysfunction of petitioner's left shoulder.
- On October 19, 2016, petitioner received an intramuscular flu vaccine in her left deltoid.  (Ex. 1 at 1.)
- Petitioner recalls pain in her left arm beginning the day of the vaccination.  (Ex. 11 at 1 (Pet.'s Aff.)).
- Around November 7, 2016, petitioner returned to the employee health nurse who administered the vaccination and reported her shoulder pain.  (Ex. 6 (Aff. of Rick Beyers, Nurse)).
- On February 6, 2017, petitioner saw Dr. Richard Vermeulen, a physical medicine and rehabilitation specialist, and reported her left shoulder pain beginning the day following her flu vaccination.  (Ex. 4 at 5-6).
- On March 22, 2017, petitioner saw her primary care physician, Dr. Frederick Jaecklein, and reported that she had been experiencing left shoulder pain since the day after her October flu vaccine.  (Ex. 2 at 1-2).
- On March 31, 2017, petitioner saw Dr. Jason Doppelt, an orthopedic surgeon, and reported her left shoulder pain beginning on October 19, 2016.  (Ex. 5 at 17-18).
- On April 25, 2017, petitioner underwent an initial physical therapy evaluation and reported left shoulder pain beginning immediately following her October 19, 2017 flu vaccination.  (Ex. 8 at 1-3).

**III.   Scheduling Order**

**In light of the above finding the parties are directed to engage in discussions to resolve this claim**.

**The following is hereby ORDERED: Petitioner shall file a Joint Status Report by no later than <u>April 30, 2019</u> indicating whether the parties are interested in pursuing informal discussions to resolve the claim at this time, or if they wish to pursue alternative proceedings.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master