# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1539V
### UNPUBLISHED

| | |
|---|---|
| MELANI DEPETRO,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 25, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On October 16, 2019, Melani Depetro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from the influenza vaccination on October 19, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 25, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On November 22, 2019, Respondent filed an amended Rule 4(c) report and proffer on award of compensation ("Amended Rule 4(c)

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Report and Proffer")³ indicating Petitioner should be awarded $55,701.85, representing $55,000.00 for Petitioner's pain and suffering and $701.85 for Petitioner's past out-of-pocket expenses.  Amended Rule 4(c) Report and Proffer at 3, ECF 52.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,701.85, representing $55,000.00 for Petitioner's pain and suffering and $701.85 for Petitioner's actual unreimbursable epenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.⁴

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

³ The combined Rule 4 report and proffer contains information regarding Petitioner's personal medical history which is not generally included in a proffer, when separately filed.  Thus, I will not attach the proffer to the decision in this case.

⁴ Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.